**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHN D. ATTEBERRY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> WAYNE COUNTY JAIL, C/O ) <br> VANDERGRAPH, ANDY MILNER, and ) <br> MIKE EVERETTE, ) <br> ) <br> Defendants. ) | Case No. 20-cv-905-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff John D. Atteberry, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Danville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Wayne County Jail. In his Complaint (Doc. 1), Atteberry alleges his injury to his foot was not properly treated. He seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Atteberry makes the following allegations in the Complaint (Doc. 1): While being processed into the Wayne County Jail, he became combative due to being under the influence of alcohol and lacking his psychiatric mediations (Doc. 1-1, p. 1). He had to be forcibly restrained and injured his foot. He believed his foot was broken and asked for medical care after he stopped being combative. He did not receive any care and the next morning he informed Officer Vandergraph that his foot was still hurting and he could not apply pressure to the foot (*Id.*). Vandergraph told him to file a grievance. Atteberry also filed a sick call request form but did not see a doctor or nurse while at Wayne County Jail (*Id.*). He was transferred five days later.

### Discussion

Simply put, Atteberry fails to state a claim. Although he identifies Vandergraph, Andy Milner, and Mike Everette as defendants in the body of his Complaint, he fails to include them in the case caption. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* Fed. R. Civ. P. 10(a) (title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (a defendant must be "specif[ied] in the caption" to be considered a party). Further, Atteberry fails to include any allegations against Milner and Everette in his statement of the claim. He identifies Milner as the jail administrator and Everette as the sheriff but includes no allegations as to how they violated his rights. Further, they cannot be held liable in their positions as supervisors because *respondeat superior*, or supervisor liability, does not apply to claims under Section 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 liability hinges on personal responsibility for the deprivation of a constitutional right.

*Id.* (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Accordingly, Vandergraph, Milner, and Everette are **DISMISSED without prejudice**.

The only defendant included in Atteberry's caption is Wayne County Jail, but the jail is not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993) (holding that neither Cook County Department of Corrections" nor its subdivision mail room is "a suable entity"). Thus, Wayne County Jail is also **DISMISSED without prejudice**.

Because Atteberry fails to state a claim against the only defendant named in the caption, his Complaint is **DISMISSED without prejudice**. Should Atteberry want to pursue his claims, he will need to file an Amended Complaint. A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Should he file an Amended Complaint, Atteberry should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. If Atteberry does not know the name of a specific defendant, he should refer to them by a John Doe designation (i.e., John Doe #1, etc.).

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Atteberry is **GRANTED** leave to file a "First Amended Complaint" on or before **January 11, 2021**. Should Atteberry fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Atteberry must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Atteberry is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Atteberry is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  12/10/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**