IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN D. ATTEBERRY, S03277, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-905-NJR |
| | ) |
| WAYNE COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management. Plaintiff John Atteberry filed this action on September 8, 2020, claiming that he was denied medical attention after he was injured at the Wayne County Jail (Doc. 1). On December 10, 2020, the Court entered an order dismissing the Complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted (Doc. 8). Atteberry was given until January 11, 2021, to file an amended complaint if he wished to further pursue his claim for deliberate indifference to his medical needs, and the Clerk mailed him a blank complaint form for his use in preparing his amended pleading. Atteberry was warned that if he failed to submit an amended complaint, this case would be dismissed with prejudice.

The January 11 deadline has come and gone, and Atteberry has failed to respond in any way. This action is thus subject to dismissal for failure to prosecute and for failure to comply with a court order.

**IT IS ORDERED** that this action is **DISMISSED with prejudice** for failure to

prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

Because the original Complaint failed to state a claim upon which relief may be granted and Atteberry failed to correct its deficiencies, the Court counts this dismissal as one of Atteberry's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Moreover, Atteberry's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the unpaid balance of Atteberry's filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Atteberry wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Atteberry plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Atteberry does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Atteberry may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  February 22, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**