# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN D. ATTEBERRY, S03277, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 20-cv-905-NJR |
| C/O VANDERGRAPH, MIKE EVERETT, JOHN DOE DOCTOR, and AMANDA MILLER, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff John D. Atteberry is an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Danville Correctional Center. On September 8, 2020, he brought this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was held at the Wayne County Jail. His original complaint was dismissed without prejudice on December 10, 2020, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A. (Doc. 8). Then, on February 22, 2021, the Court dismissed the case entirely when Atteberry failed to file an amended complaint. (Doc. 9). But the case was reopened after Atteberry advised that he attempted to file his amended pleading, but a miscommunication prevented its timely filing. (Doc. 13).

Atteberry's Second Amended Complaint (Doc. 17) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a

complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE SECOND AMENDED COMPLAINT

Atteberry makes the following allegations in the Second Amended Complaint (Doc. 17): On November 3, 2018, he was arrested and booked into the Wayne County Jail ("the Jail"). He became combative as he had not taken his psychiatric medication and had been drinking, so officers placed him in a restraint chair. (Doc. 17, p. 6). Atteberry's left foot became loose and he struck it against the wall, fracturing it. (Doc. 17-1, pp. 8-9).[1]

Atteberry told C/O Vandergraph about his injury. Vandergraph looked at the foot, gave him ibuprofen, and said it would be fine. (Doc. 17, pp. 7-8; Doc. 17-1, p. 2). Atteberry told Vandergraph the ibuprofen was ineffective and requested to see the nurse and doctor. (Doc. 17-1, p. 2). Vandergraph denied the request, saying that Nurse Miller was aware of his condition and would get to him when she makes her rounds. (Doc. 17, p. 8, Doc. 17-1, p. 2). Unfortunately, however, Miller never saw Atteberry. Vandergraph told Atteberry to submit a sick call request and grievance form, which Atteberry did the next day (November 4, 2018). (Doc. 17, p. 7; Doc. 17-1, p. 10).

On November 5, 2018, Sheriff Everett responded to the request/grievance for medical care, stating the issues were "addressed by CO Vandergraph … follow-up after

---

[1] Atteberry attaches an x-ray report from November 21, 2018, showing a fracture of the left calcaneus. (Doc. 17-1, p. 8).

release." *Id.*

Atteberry asserts that his grievance/medical request form was brought to the attention of medical staff, and he notes that the John Doe Doctor was aware of it because Everett's written response reflected the doctor's instruction to follow-up after release and that "meds [are] nonrefillable per Doctor." (Doc. 17, pp. 8-10; Doc. 17-1, p. 10). But neither Miller nor the John Doe Doctor examined him or referred him to a hospital between November 3-7, 2018. Atteberry was discharged from the Wayne County Jail on November 7, 2018, still in excruciating pain from his foot injury. (Doc. 17-1, p. 3).

Atteberry seeks monetary relief for the violation of his constitutional right to medical care during his detention at the Jail. (Doc. 17-1, pp. 5, 7).

## Discussion

Based on the allegations in the Second Amended Complaint, the Court designates the following claims in this *pro se* action:

**Count 1:** **Vandergraph and Everett failed to obtain medical care for Plaintiff's injured foot between November 3-7, 2018, at the Wayne County Jail, in violation of his constitutional rights.**

**Count 2:** **Miller and the John Doe Doctor failed to provide Plaintiff with medical care for his injured foot between November 3-7, 2018, at the Wayne County Jail, in violation of his constitutional rights**.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading**

**standard**.[2]

## Counts 1 and 2

Atteberry's detention status at the Jail as either an arrestee or a pretrial detainee determines which constitutional provision governs his claims. He states that he was arrested on "outstanding misdemeanor warrants;" the disposition of those charges is unknown, and he apparently did not remain in custody after November 7, 2018. (Doc. 17, p. 6; Doc. 17-1, p. 3).

Atteberry may have been an arrestee, falling under the protection of the Fourth Amendment, or a pretrial detainee covered by the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (Due Process Clause prohibits conditions of confinement for pretrial detainees that amount to punishment); *Currie v. Chhabra*, 728 F.3d 626, 631 (7th Cir. 2013) (Fourth Amendment analysis applies to conditions of confinement and medical care claims brought by arrestees). At this juncture, construing the Second Amended Complaint in the light most favorable to Atteberry, the Court will apply the Fourth Amendment's "reasonableness" standard. *See Currie*, 728 F.3d at 631 (objectively unreasonable standard is the threshold when assessing an arrestee's medical treatment claim).

Atteberry's factual allegations state a cognizable claim that the response/lack of response to his requests for medical attention by his jailers, Vandergraph and Everett,

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

was objectively unreasonable and caused him pain and suffering. Likewise, the complaint supports a claim that the failure to act by the medical professionals (Miller and the John Doe Doctor) was objectively unreasonable in light of Atteberry's complaints of pain and submission of a grievance/request for medical attention. Accordingly, Counts 1 and 2 will proceed for further consideration. Atteberry must identify the John Doe Doctor by name, however, before this individual can be served with notice of this action.

### JOHN DOE DEFENDANT

Atteberry is responsible for conducting discovery (informal or formal) aimed at identifying the unknown John Doe Doctor, in accordance with the discovery order that will be entered by the Court. Once the name of the unknown Defendant is discovered, Atteberry must file a motion to substitute the newly identified Defendant in place of the generic designation in the case caption and throughout the complaint.

### DISPOSITION

**IT IS HEREBY ORDERED** that Counts 1 and 2 survive preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed for further consideration.

The Clerk of Court shall prepare for Defendants **VANDERGRAPH, EVERETT, and MILLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 17), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Atteberry is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Atteberry is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in

dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Second Amended Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

DATED:  June 25, 2021

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.